UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Henry J. Dukes,<br>*aka Henry Jermaine Dukes,*<br><br>      Plaintiff,<br><br>vs.<br><br>J. Rubeun (sic) Long Detention Center;<br>Tom Fox, Director,<br><br>      Defendant. | ) C/A No.: 4:11-539-HFF-TER<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

  Plaintiff, a pre-trial detainee proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983. Plaintiff, who practices Islam as his faith, alleges he was denied "spiritual guidance" from December 13, 2007 until May 29, 2008 by Rasheed Muhammad, the Muslim Chaplin at the J. Reuben Long Detention Center. Plaintiff further alleges he was in protective custody because Muhammad "was involved in the Plaintiff's case, who the Plaintiff feels should be a suspect in his ongoing criminal proceedings." Plaintiff alleges his grievances have gone unanswered. Plaintiff seeks damages.

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

  The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Under the First Amendment, inmates clearly retain protections, including the right to free exercise of religious beliefs. *Cruz v. Beto*, 405 U.S. 817, 822 (1977). A sincere, but personal religious belief warrants constitutional protection, regardless of whether the belief is mandated by a particular, established religion or held by a majority of the believers within a religion. *Thomas v. Review Bd. of Indiana Employment Sec. Div.*, 450 U.S. 707 (1981) (finding that federal courts are

not to sit as arbiters of religious orthodoxy); *United States v. Seeger*, 380 U.S. 163 (1965) (finding that inmate's religious exercise is entitled to constitutional protection if his beliefs are "sincerely held and ... in [his] own scheme of things, religious"); *Dettmer v. Landon*, 799 F.2d 929, 931-32 (4th Cir.1986) (same).

The principle that inmates retain at least some constitutional rights must be weighed against the recognition that prison authorities are best equipped to make difficult decisions regarding prison administration. *Washington v. Harper*, 494 U.S. 210 (1990). Accordingly, there need be only a rational connection between a prison policy and a legitimate governmental interest put forward to justify it. *Turner v. Safley*, 482 U.S. 78 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987). Otherwise, courts must leave judgment calls on prison policy to the expertise of prison officials. *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Block v. Rutherford*, 468 U.S. 576 (1984)(courts cannot substitute their own judgment on institutional management for that of prison officials).

*Turner* requires the court to consider four factors: (1) whether there is a "valid, rational connection" between the regulation and a legitimate and neutral governmental interest; (b) whether there are alternative means of exercising the asserted constitutional right that remain open to inmates; (c) whether the extent to which accommodation of the asserted right will have an impact on prison staff, on inmates' liberty and on the allocation of limited prison resources; and (d) whether the regulation represents an "exaggerated response" to prison concerns. *Id*. at 89-91. The existence of an alternative which could fully accommodate the prisoner's rights at *de minimis* costs to valid penological interests is evidence that the regulation is an unreasonable, and therefore, unconstitutional restriction. *Id.* at 90-91.

Here, however, Plaintiff fails to show that he has suffered a Constitutional infraction. Plaintiff's sole allegation concerns the failure of the Muslim chaplain to meet with him from

December 13, 2007 until May 29, 2008 when he was detained at the J. Reuben Long Detention Center. The inability to meet with a religious or spiritual advisor, standing alone, does not demonstrate that Plaintiff was denied a reasonable opportunity to exercise his faith. *Johnson v. Moore*, 948 F.2d 517 (9th Cir. 1991)(failure to make Unitarian Universalist minister available to inmate at prison did not violate inmate's rights under First Amendment, absent showing that such failure denied him "reasonable opportunity" to exercise his faith).

Additionally, the J. Reuben Long Detention Center (JRLDC) consists of buildings, facilities, and grounds. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the defendant is not a "person[s]" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983). *See also Staley v. South Carolina Department of Corrections, et. al.*, No. 9:03-3436-23, 2003 WL 23541770 (D.S.C. Dec. 4, 2003), *affirmed Staley v. South Carolina Department of Corrections*, No. 04-6022, 96 Fed. Appx. 928 (4th Cir. May 21, 2004). As a result, the JRLDC would be entitled to summary dismissal.

Furthermore, Plaintiff has not shown that Defendant Fox deprived him of the opportunity to meet with the Muslim Chaplain. To the contrary, Plaintiff alleges that the Chaplain was somehow involved with Plaintiff's "case," and that the Chaplain was responsible for Plaintiff's placement in protective custody. Defendant Fox cannot be held responsible for the actions taken by individuals he may supervise. The doctrine of vicarious liability and the doctrine of "*respondeat superior*" are not applicable in § 1983 actions. *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 & nn. 1-2 (4th Cir. 1977).

For liability to be imposed upon an individual under § 1983, he or she must have been personally involved in the deprivation of a plaintiff's rights. *See Whitford v. Boglino*, 63 F.3d 527,

530-531 (7th Cir. 1995); *Al-Jundi v. Estate of Nelson Rockefeller*, 885 F.2d 1060, 1065-1066 (2nd Cir. 1989); and *McKinnon v. Patterson*, 568 F.2d 930, 934 & n. 4 (2nd Cir. 1977).

Since the complaint contains no allegations that Defendant Fox was personally involved in the events that gave rise to this case, he would be entitled to summary dismissal pursuant to 28 U.S.C. 1915 and 28 U.S.C. 1915A.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, *supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

May 19, 2011  
Florence, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).